PROB 12C
(REV. 12/04)

# UNITED STATES DISTRICT COURT

for

WESTERN DISTRICT OF TEXAS




FILED
APR 15 2019
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Serene Adrianna Diaz        Case Number: DR-16-CR-01365(2)-AM

Name of Sentencing Judicial Officer: Honorable Alia Moses, United States District Judge

Date of Original Sentence: June 12, 2017

Original Offense: 8 U.S.C § 1324-Conspiracy to Transport Illegal Alien

Original Sentence: Eight (8) months imprisonment; three (3) years supervised; $1,000 fine and $100 special assessment

Type of Supervision: Supervised Release        Date Supervision Commenced: June 12, 2017

Assistant U.S. Attorney: Todd R. Keagle        Defense Attorney: Jad P. Harper

### PREVIOUS COURT ACTION

On July 25, 2017, a Probation Form 12B, Request for Modifying the Conditions or Term of Supervision with Consent of the Offender, was submitted to the Court to impose inpatient substance abuse treatment due to the offender testing positive for amphetamine on June 20, 2017 and June 27, 2017. She had also missed her intake appointment with Center For Health Care Services and failed to report for a random drug test on July 21, 2017. The Court approved the modification on August 7, 2017.

On October 30, 2017, a Probation Form 12A, Report on Offender Under Supervision, was submitted to the Court advising that on August 10, 2017, the releasee tested positive for amphetamines. On August 22, 2017, Ms. Diaz signed the Admit/Deny form admitting to the use of her sister's prescription medication, specifically Adderall. The U.S. Probation Officer requested no action be taken since the releasee was participating in inpatient substance abuse treatment. On November 3, 2017, the Court concurred with the recommendation.

### PETITIONING THE COURT

☒ To issue a warrant
☐ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance
--- | ---
1. | **Special Condition: The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.**

2. **Special Condition:** The defendant shall not use or possess any controlled substance without a valid prescription. If a valid prescription exists, the defendant must disclose the prescription information to the probation officer and follow the instruction on the prescription.

3. **Mandatory Condition No. 2:** The defendant shall not unlawfully possess a controlled substance.

4. **Mandatory Condition No. 3:** The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court) but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

On June 20, 2017, the releasee submitted a urine specimen which subsequently tested positive for amphetamine/methamphetamine. On July 19, 2017, the releasee signed the Admit/Deny form admitting to methamphetamine usage.

On June 27, 2017, the releasee submitted a urine specimen which subsequently tested positive for amphetamine/methamphetamine. On July 19, 2017, the releasee signed the Admit/Deny form admitting to methamphetamine usage.

On August 10, 2017, the releasee submitted a urine specimen which subsequently tested positive for amphetamine/methamphetamine. On August 22, 2017, the releasee signed the Admit/Deny form admitting to the use of her sister's prescription medication, specifically Adderall.

On March 7, 2019, the releasee submitted a urine specimen which subsequently tested positive for amphetamine/methamphetamine. On March 13, 2019, the releasee signed the Admit/Deny form admitting to methamphetamine usage.

On March 13, 2019, the releasee submitted a urine specimen which subsequently tested positive for amphetamine/methamphetamine. On March 13, 2019, the releasee signed the Admit/Deny form admitting to methamphetamine usage.

5. **Mandatory Condition No. 7:** If the judgment imposes other monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

The releasee failed to make a payment in the amount of $40.00 for the months of July 2017-December 2017, January 2018-March 2018, June 2018-July 2018, September 2018, November 2018, and December 2018. The release has paid $220 as of the commencement of supervision. The remaining balance is $780.00.

Serene Adrianna Diaz
DR-16-CR-1365-(2)AM
April 3, 2019
Page 3

**U.S. Probation Officer Recommendation:** Serene Adrianna Diaz commenced her term of supervised release on June 12, 2017. Ms. Diaz has a history of methamphetamine, marijuana and alcohol use since age 20. She has no prior criminal history and has a bachelor's degree. She has maintained employment for one year at Family Dollar Store as a cashier, currently lives with her boyfriend, and has two minor children ages 16 and 13, who live with their father.

On July 5, 2017, Ms. Diaz began co-occurring mental health treatment and substance abuse treatment at Center for Health Care Services to address her anxiety, post traumatic depression, and drug use. On August 20, 2017, co-occurring treatment was terminated at Center for Health Care services, due to her going to inpatient treatment at Alpha Home because she tested positive for methamphetamine on June 20, 2017 and June 27, 2017. On August 21, 2017, she began inpatient treatment at Alpha Home and successfully completed the program on November 21, 2017. On November 19, 2017, Ms. Diaz began outpatient treatment at Alpha Home and successfully completed the program on March 20, 2018. She has remained active with Narcotic Anonymous, her sponsor, and attends meetings once or twice a week as an alumni member.

On March 13, 2019, Ms. Diaz reported to the U.S. Probation Officer to address her positive drug test for amphetamines/methamphetamines submitted on March 7, 2019. At first, she denied using methamphetamine explaining that it must have gotten in her system because she went to go help an alumni member because she was moving, and the lady had methamphetamine everywhere in the home. On the same date, she was drug tested and her specimen returned positive for methamphetamine. Ms. Diaz then stated while helping her alumni member to pack there was methamphetamine all over the house and she licked her fingers knowing she had methamphetamine on them. The releasee minimized her behavior and was not taking full responsibility for her actions. When asked about her recent use she explained that she said "f*** it" since she already knew her drug test would return positive. This officer asked how she obtained the methamphetamine and she stated she took some home with her. I then reminded her that she had completed inpatient treatment and outpatient treatment and asked her why she did not walk away from the home which had drugs. She explained that the alumni members are a sisterhood and they do not judge each other. This officer then used Effective Use of Disapproval, a STARR skill, explaining to her that she is not serious about her sobriety or her supervision and she interrupted by saying that her relapse did not mean that. She stated relapse was part of the process. This officer then explained the consequences of her drug use. Ms. Diaz began crying hysterically stating she was afraid to go to jail, her relapse was due to her anxiety, her anxiety controls her, and she did not want to go to jail. This officer asked why she had not reached out if she needed help with her anxiety, but she was so emotional this officer had to focus on her well-being, so the office visit was terminated.

The U.S. Probation Office has utilized all resources to assist Ms. Diaz, with her substance abuse addiction, by referring her to inpatient, and outpatient treatment and to Center for Health Care Services for mental health treatment for her anxiety. She did not notify the U.S. Probation Officer that she needed additional mental health treatment or medication. Due to Ms. Diaz' continued use of methamphetamine and lack of payments on her fine, the U.S. Probation Office respectfully recommends a warrant be issued in this case. This issue is deferred to the Court for ruling.

Serene Adrianna Diaz
DR-16-CR-1365-(2)AM
April 3, 2019
Page 4

☒ The term of supervision should be

    ☒ revoked. (Maximum penalty: __2__ years imprisonment; __3__ years supervised release; and payment of any unsatisfied monetary sanction previously imposed)

    ☐ extended for __ years, for a total term of __ years.

☐ The conditions of supervision should be modified as follows:

Approved:

_____
Tracy L. Tate
Supervising U.S. Probation Officer
Telephone: (210) 472-6590, Ext. 5317

Respectfully submitted,

_____
Melissa Ortez
U.S. Probation Officer
Telephone: (210) 472-6590, Ext. 5377
Date: April 3, 2019

Approved:

_____
Matthew Watters
Assistant U.S. Attorney

cc: Rick Golden
    Assistant Deputy Chief U.S. Probation Officer

---

THE COURT ORDERS:

☐ No action.

☒ The issuance of a WARRANT. Bond is set in the amount of $ _detain_ cash/surety with supervision by the United States Probation Office to continue as a condition of release.

☐ The issuance of a SUMMONS.

☐ Other _____

_____
Honorable Alia Moses
U.S. District Judge

4/15/19
Date